United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NAVID KHAJEH MAHABADI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>Defendants. | Case No. 25-cv-10508-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 16 |

### INTRODUCTION AND STATEMENT

The plaintiff, who is representing himself, is a Swedish-Iranian dual citizen seeking a writ of mandamus compelling the government to adjudicate his L-1B nonimmigrant visa application.[1] He submitted his application and had his consular interview in April 2024.[2] Following that interview, the U.S. Embassy in Stockholm refused the plaintiff's visa application and placed it into administrative processing under Section 221(g) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1201(g).[3] The plaintiff was informed that the applications of his spouse and daughter "could not be adjudicated until Plaintiff's administrative processing was resolved, effectively tying

---

[1] Pet. – ECF No. 1 at 6 (¶ 15). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 5 (¶ 12).

[3] *Id.* at 5 (¶ 12), 15.

ORDER – No. 25-cv-10508-LB

the family's visa applications to the outcome of Plaintiff's delayed application."[4] He made multiple follow-up inquiries before December 2025 but received only "generalized responses" that his case "remains under administrative processing."[5]

In December 2025, the plaintiff filed a petition for a writ of mandamus asking the court to compel adjudication of his visa application.[6] The parties stipulated to a stay in February 2026 "to allow for potential re-adjudication of Plaintiff's visa."[7] During this stay, the U.S. State Department refused the plaintiff's visa application under Section 306 of the Enhanced Border Security and Visa Entry Reform Act, which states that no nonimmigrant visa shall be issued "to any alien from a country that is a state sponsor of international terrorism unless the Secretary of State determines, in consultation with the Attorney General and the heads of other appropriate United States agencies, that such alien does not pose a threat to the safety or national security of the United States."[8] 8 U.S.C. § 1735(a). The stay was lifted in April 2026.[9]

The defendants assert that (1) the plaintiff's petition is moot because his visa application has been fully adjudicated through an initial refusal under INA § 221(g) and a later refusal under § 306 of the Visa Entry Reform Act, (2) for the same reasons, he has not stated a claim for withholding or delay, and (3) the voluntary-cessation doctrine does not apply because the conduct the plaintiff seeks to remedy (delayed adjudication of his application) cannot recur because adjudication of the application is complete.[10] The plaintiff responds that (1) the record contains no indication that the administrative processing has been completed, (2) the government's supporting affidavit is based on hearsay and does not meet its burden of demonstrating mootness, (3) the

---

[4] *Id.* at 5 (¶ 12).

[5] *Id*. (¶ 13–14).

[6] *Id*. at 8.

[7] Order – ECF No. 11 at 1.

[8] Pl.'s Decl. & Refusals, Ex. A – ECF No. 17-1 at 2–3 (¶ 9), 6–7.

[9] Order – ECF No. 13.

[10] Mot. – ECF No. 16 at 5–6; Reply – ECF No. 18 at 2–3.

ORDER – No. 25-cv-10508-LB                    2

voluntary-cessation doctrine precludes mootness, and (4) the plaintiff has plausibly pleaded unreasonable delay.[11]

The plaintiff's visa application has been adjudicated, and thus, his petition is moot.

## LEGAL STANDARDS

### 1. Rule 12(b)(1)

The jurisdiction of federal courts is limited to cases and controversies. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). The plaintiff has the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis*, 569 U.S. at 71 (cleaned up). "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tate v. Univ. Med. Ctr. of S. Nevada*, 606 F.3d 631, 634 (9th Cir. 2010) (cleaned up).

The defendant may challenge lack of subject-matter jurisdiction under Rule 12(b)(1). A Rule 12(b)(1) challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039.

---

[11] Opp'n – ECF No. 17 at 5–13.

United States District Court
Northern District of California

**2. Rule 12(b)(6)**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead enough facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. Threadbare recitals of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts factual allegations as true and construes them favorably to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint also must plead a cognizable legal theory. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

## ANALYSIS

The issue is whether the refusals under INA § 221(g) and § 306 of the Visa Entry Reform Act show that the plaintiff's visa application has been fully adjudicated, mooting his petition.[12]

"The 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61; *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

The related concept of mootness has been described (broadly speaking) as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Friends of the Earth*, 528 U.S. at 189 (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22

---

[12] The parties' arguments about the plausibility of the plaintiff's petition under Rule 12(b)(6) is largely duplicative of their arguments for mootness, which the parties recognize, and the court does not address them separately. Opp'n – ECF No. 17 at 13–15; Reply – ECF No. 18 at 2.

(1997)). "'The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings.'" *Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1016 (9th Cir. 2012) (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011)). "'A claim is moot if it has lost its character as a present, live controversy.'" *Id.* (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). "'If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.'" *Id.* at 1016–17 (quoting *Am. Rivers*, 126 F.3d at 1123).

"'[T]he burden of demonstrating mootness is a heavy one.'" *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quoting *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). "Nonetheless, 'a case or controversy exists . . . only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" *Id.* (quoting *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1989)). "'The adverse effect . . . must not be so remote and speculative that there is no tangible prejudice to the *existing interests* of the parties.'" *Id.* (quoting *Headwaters*, 893 F.2d at 1015). "'The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.'" *Id.* (quoting *Gordon*, 849 F.2d at 1244).

Here, the record indicates that the plaintiff's visa application has been adjudicated. The parties do not dispute whether the plaintiff's visa application was refused under INA § 221(g) and § 306 of the Visa Entry Reform Act.[13] The plaintiff states in his petition that he was informed that the applications of his spouse and daughter "could not be adjudicated until Plaintiff's administrative processing was resolved, effectively tying the family's visa applications to the outcome of Plaintiff's delayed application."[14] That his spouse's and daughter's applications were denied

---

[13] Opp'n – ECF No. 17 at 7.

[14] Pet. – ECF No. 1 at 5 (¶ 13).

immediately after the plaintiff's application was refused under § 306 indicates the plaintiff's administrative processing has been resolved.

The plaintiff points to the fact that the notice of refusal under § 306 did not include any factual findings, explanation, or supporting documents indicating that the administrative processing concluded, but he identifies no authority requiring that he receive more than a refusal.

The plaintiff does not explain what adjudicative decisions remain once his and his dependents' visa applications have been refused, and he provides only a conclusory argument that under these circumstances, "the record does not establish that the administrative-processing function . . . have, in fact, concluded."[15] The voluntary-cessation doctrine does not apply here because the plaintiff's application has been adjudicated, which means the government cannot further delay its adjudication.

## CONCLUSION

The court dismisses the plaintiff's petition with prejudice because amendment appears futile.

**IT IS SO ORDERED.**

Dated: June 24, 2026

_____
LAUREL BEELER
United States Magistrate Judge

---

[15] Opp'n – ECF No. 17 at 9–10.